**UNITED STATES of America,**
**Appellant,**

v.

**Stanley FULLER, also known as**
**Wardy, also known as Webo,**
**Defendant-Appellee,**

**Kamel Lambus, also known as Kamel**
**Angevine, also known as K, also**
**known as Kamel Angenevine, Shavona**
**Trappier, also known as Bobby, Shak-**
**eem Powell, also known as Sha, Tyran**
**Trotter, also known as TY, also**
**known as Terry, also known as Ter-**
**ror, Sean Brabram, also known as**
**Grinch, also known as Lye, Tyrone**
**Thomas, also known as Pop, FNU**
**LNU, Scott Williams, Earl Davis, also**
**known as Choice, Michael Scott, also**
**known as Ross, Andre Mitchell, also**
**known as Dre, also known as Bright,**
**Henry Curry, also known as Junior,**
**Kash, Defendants.**

**17-676-cr**

United States Court of Appeals,
Second Circuit.

May 4, 2017

For Appellant: MARCIA HENRY (David C. James, Lauren H. Elbert, on the brief), for Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY

For Defendant-Appellee: JAMES KOUSOU-ROS, Law Offices of James Kousouros, New York, NY

Present: John M. Walker, Jr., Debra Ann Livingston, Gerard E. Lynch, Circuit Judges.

**SUMMARY ORDER**

The Government appeals from a March 7, 2017 order of the United States District Court for the Eastern District of New York (Weinstein, *J.*) granting defendant-appellee Stanley Fuller bail pending trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a general rule, we review a district court's bail determination, including its determination as to the adequacy of proposed bail conditions, for clear error. *See United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). The Government has represented at oral argument that the record on appeal is complete, and thus the matter ripe for our determination. On the record before us, we conclude that the district court did not clearly err in determining that the conditions proposed by the defendant were sufficient to mitigate concerns about risk of flight and the danger the defendant presented to the community, and that Fuller was therefore entitled to release on bail. Accordingly, we **AFFIRM** the judgment of the district court and

**DENY** as moot the Government's motion for a stay pending appeal. The mandate shall issue forthwith.